**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HERGIL VARGAS BARRIOS, an individual, ) | |
| ) | Case No. 1:22-cv-3870 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RED'S HAULING SERVICES INC., an Illinois ) | |
| corporation, and DAVID PFOST, an individual, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

The Plaintiff, Hergil Vargas Barrios, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Red's Hauling Services Inc., an Illinois corporation, and David Pfost (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq.*, of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week. Plaintiff is a former driver, hauler and cleaner at Defendants' hauling and removal service business.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Hergil Vargas Barrios ("Vargas") is a former employee of the Defendants' hauling and removal service business located at 4305 N. Narragansett in Chicago, Illinois. Plaintiff Vargas worked as a driver, hauler and cleaner for Defendants' business from September, 2018 through July 16, 2022.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including cleaning products, vehicles, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Red's Hauling Services Inc. ("Red's Hauling") operates a hauling, removal and cleanup service business with facilities located in Chicago, Illinois and is engaged in providing removal, hauling and cleaning services to residential and commercial customers and businesses in the Chicagoland area.

8. Upon information and belief, Red's Hauling has earned more than $500,000.00 in annual gross revenue during 2019, 2020, 2021 and 2022.

9. Defendant Red's Hauling is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant David Pfost ("Pfost") is an owner of the Red's Hauling business and is the president of the business' operating entity, Red's Hauling Services Inc.

11. At all times relevant to this action, Defendant Pfost possessed extensive oversight over Defendant Red's Hauling and its hauling, removal and cleaning business operations.

Defendant Pfost was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Defendant Pfost resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from July, 2019 through July 16, 2022, Plaintiff regularly worked at Defendants' hauling and removal business six (6) days a week including Monday through Saturday from 7:30 a.m. to 7:30 p.m. with an earlier stop time of approximately 5:00 p.m. during the winter months. Plaintiff typically did not work on Sunday; however, for approximately five (5) months during 2021, Plaintiff worked a full seven (7) day week.

14. Based on his schedule, Plaintiff regularly worked at least seventy-two (72) hours in individual workweeks from July, 2019 through July 16, 2022, and at least fifty-seven (57) hours in individual workweeks during winter months.

15. Defendants paid Plaintiff on a per diem basis at rates ranging from $120.00 to $150.00 per day without regard to the actual number of hours Plaintiff worked. As a result, Defendants regularly paid Plaintiff below the minimum wage rate during the period from July, 2019 through July 22, 2022.

16. In addition, Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

18. Defendants paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

19. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

20. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

21. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

23. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

24. Defendant Red's Hauling Services Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to

4

pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in individual workweeks. Defendants further avoided overtime wage obligations by paying Plaintiff with a non-payroll company check and by not providing Plaintiff with any pay stub or document which reflected the number of hours worked. Additionally, Defendants failed to record the number of hours worked by Plaintiff and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

28.    Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

29.    Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

30.    Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

31.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

32. Defendant Red's Hauling Services Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

33. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

34. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants failed to pay minimum wages by compensating Plaintiff with an unlawful per diem amount without regard to the actual number of hours Plaintiff worked in individual workweeks, and by providing Plaintiff with no statement of hours worked or wages paid. Additionally, Defendants failed to record the number of hours worked by Plaintiff, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

37. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

38. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

39. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

41. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

42. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

45. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

46. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

47. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO, § 6-105-040.

48. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

8

49. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 6-105-040.

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Minimum Wages

51. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

52. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

53. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

54. Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

55. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO, § 6-105-020.

9

**WHEREFORE**, the Plaintiff, Hergil Vargas Barrios, prays for a judgment against Defendants, Red's Hauling Services Inc. and David Pfost, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Dated: July 26, 2022

Respectfully submitted,

Hergil Vargas Barrios,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com